IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL L. BRADSHAW,

        Plaintiff,

vs.                                        No. CIV 08-787 LFG/GBW

SAN JUAN COUNTY, et al.,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF DEFENDANTS CITY OF FARMINGTON AND MARK NORWOOD

THIS MATTER comes before the Court on Plaintiff Daniel L. Bradshaw ("Bradshaw's") Motion to Reconsider Dismissal of Defendants City of Farmington and Mark Norwood and to Reinstate Them as Defendants [Doc. 74], filed October 17, 2009. Former Defendants City of Farmington and Mark Norwood filed a Response [Doc. 77] on November 2, 2009. Bradshaw's Reply was due on November 19, 2009, but none was filed. The motion is now fully briefed. Oral argument is not necessary. For the reasons given below, the Motion is denied.

### Procedural Background

Bradshaw filed this action on August 28, 2008. He named as Defendants the City of Farmington ("City"), Mark Norwood ("Norwood") in his official and individual capacities, the County of San Juan, San Juan County Communications Authority a/k/a County Communications Center, the State of New Mexico, and Creig Wallace. [Doc. 1].

Bradshaw brings claims against Defendants under 42 U.S.C. § 1983 for violations of his

Fourth Amendment rights against unreasonable seizure, false imprisonment, and excessive force; and under the New Mexico Tort Claims Act for false imprisonment, intentional infliction of emotional distress and defamation. He seeks compensatory and punitive damages.

Plaintiff voluntarily dismissed the State of New Mexico as a Defendant in January 2009. [Docs. 29, 30].

On April 17, 2009, the Court issued a Memorandum Opinion and Order [Doc. 49], granting the City and Norwood's Motion for Partial Summary Judgment [Doc. 44]. The facts of the case are set forth in that Order and will not be repeated here, except as necessary to this decision. In their Motion, the City and Norwood sought summary judgment as to all claims except the claim of defamation.

In that Order, the Court rejected Bradshaw's argument that the assertion of qualified immunity was premature and should await further factual development. The Court pointed out that the qualified immunity defense, if granted, protects a defendant police officer such as Bradshaw from trial and from other burdens of litigation, such as discovery. Thus, a motion based on qualified immunity should be brought at the earliest possible stage in the litigation. Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985); Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808, 815 (2009) ("we have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery" [internal punctuation omitted]). *See also*, Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1945-46 (2009).

The Court also noted in the April 17 Order that a party seeking to conduct further discovery in order to resist a motion asserting qualified immunity must file an affidavit under FED. R. CIV. P. 56(f), providing a description of the particular discovery needed and an explanation as to how the

discovery would preclude entry of summary judgment. The showing made in the Rule 56(f) affidavit must be specific, demonstrating precisely how additional discovery would lead to a genuine issue of material fact. Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000). In Hackworth v. Progressive Cas. Ins. Co., 468 F.3d 722, 732-33 (10th Cir. 2006), the Tenth Circuit noted that:

> Rule 56(f) grants a court discretion to deny summary judgment or order a continuance when the nonmovant submits an affidavit averring that it possesses insufficient facts to oppose a summary judgment motion. Fed.R.Civ.P. 56(f). The crux of Rule 56(f) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. The nonmoving party, however, must expressly invoke Rule 56(f)'s protections and, in so doing, must satisfy certain requirements. More specifically, the nonmovant must submit an affidavit identifying the probable facts not available and what steps have been taken to obtain these facts and must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact. [Internal citations and punctuation omitted].

Bradshaw asserted in his response to the City's and Norwood's summary judgment motion that he needed to take the deposition of Norwood. However, he did not submit the requisite Rule 56(f) affidavit showing specifically how this discovery would preclude entry of summary judgment; therefore, the Court rejected Bradshaw's contention that the qualified immunity motion was premature and held that no further discovery would be allowed prior to the ruling on the motion. [Doc. 49, at 5-6]. *See*, Hackworth, at 733:

> Because Ms. Hackworth's statements in her response brief to the motion for summary judgment did not comply with Rule 56(f)'s requirements . . . , we conclude that the district court did not abuse its discretion in refusing to grant Ms. Hackworth additional time for discovery. Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate. [Internal citation and punctuation omitted].

In its April 17, 2009 Order, the Court granted summary judgment in favor of the City and Norwood on the claims other than defamation, finding that a reasonably well-trained officer in Norwood's position could have concluded that the facts presented to him by a victim-witness provided probable cause to prepare an affidavit in support of an arrest warrant, and thus Norwood is protected by qualified immunity. The Court further found no evidence that Norwood acted deliberately or recklessly in supplying the affidavit and held there were no grounds to conclude that Norwood falsely imprisoned Bradshaw, as he played no role in the two arrests and periods of incarceration that occurred more than a year after Norwood submitted the application for an arrest warrant. [Doc. 49, at 6-12].

The Court also found that the City was not vicariously liable for any action by Norwood, as *respondeat superior* may not be used as a basis to impute liability under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Moreover, there was insufficient evidence to support a claim for municipal liability against the City as Bradshaw failed to even allege that the City's official policy, custom or practice caused a constitutional deprivation. [Doc. 49, at 12-14].

The Court further granted summary judgment in favor of the City and Norwood on Plaintiff's state tort claims of false imprisonment and intentional infliction of emotional distress. The Court found that neither the City nor Norwood was involved in the arrest and imprisonment at issue in the case and, even if Norwood had arrested Bradshaw, an arrest with probable cause does not give rise to a claim for false arrest. In addition, the Court held that Bradshaw's allegations in support of his claim for intentional infliction of emotional distress were insufficient to establish the requisite outrageous and extreme nature required for such a claim, and in any event there was no waiver of immunity for that tort under the New Mexico Tort Claims Act as against law enforcement officers. Romero v. Otero, 678 F. Supp. 1535, 1540 (D.N.M. 1987).

All claims against the City and Norwood, except one, were dismissed with prejudice. The Court noted that the claim of defamation was not dismissed because these Defendants did not seek summary judgment on that claim. However, the Court encouraged the parties to attempt to resolve the defamation issue as asserted against the City or Norwood without further motion practice. [Doc. 49, at 17 n.3].

Attempts to resolve the issue were apparently unsuccessful, as the City and Norwood filed a second Motion for Summary Judgment [Doc. 58] on July 17, 2009, seeking dismissal of the defamation claim against them. Plaintiff eventually agreed to dismissal of that claim and on August 19, 2009, the Court entered an Stipulated Order [Doc. 67] granting summary judgment, dismissing the defamation claim with prejudice and dismissing Defendants Norwood and the City from the action.

Thus, most of the claims against the City and Norwood were dismissed with prejudice on April 17, 2009. The remaining claim against these Defendants was dismissed on August 19, 2009, at which time the City and Norwood were dismissed from the case. Bradshaw now returns to Court with a motion to reconsider these decisions, six months after the first ruling was rendered and two months after the second ruling. As grounds for this motion, Bradshaw asserts that new evidence, not available at the time these Defendants were dismissed from the action, was revealed during discovery and justifies reinstating them in the case.

## Discussion

The Federal Rules do not recognize a "motion for reconsideration." Warren v. Am. Bankers Ins., 507 F.3d 1239, 1243-44 (10th Cir. 2007):

> For nearly twenty years, . . . we have admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the "motion to reconsider" or "motion for

5

> reconsideration." Of course, a district court always has the inherent power to reconsider its interlocutory rulings, and we encourage a court to do so where error is apparent . . . . But a motion asking a court to reconsider a final decision, upon which final judgment has been or should have been entered, generally arises in only one of two ways: (1) under Fed.R.Civ.P. 59 as a motion for a new trial or to alter or amend the judgment, if filed before or within ten days following entry of the judgment, or (2) under Fed.R.Civ.P. 60 as a motion for relief from judgment, if filed subsequent to the ten day period.

The current Motion for Reconsideration is directed at the Court's final decision dismissing Defendants Norwood and the City from the action. The motion was filed well outside of the 10-day period for consideration as a Rule 59 motion (and even outside of the 28-day period which is due to go into effect on December 1, 2009 with the FED. R. CIV. P. amendments); thus, the Court applies the test for a motion under Rule 60(b). Relief under that rule is discretionary, extraordinary, and warranted only in exceptional circumstances. Yapp. Excel Corp., 186 F.3d 1222, 1230-31 (10th Cir. 1999); Cashner v. Freedom Stores, Inc, 98 F.3d 572, 576 (10th Cir. 1996). A motion under rule 60(b) is not intended to rehash issues that have been finally determined. Cashner, at 577; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

As grounds for his Motion, Bradshaw states that new evidence turned up in the course of discovery. Rule 60(b)(2) provides that the Court may relieve a party from a final determination on grounds of "newly discovered evidence that, with reasonable diligence could not have been discovered in time" to proceed under rule 59(b) – that is, within ten days of the ruling. Thus, the Court will deny the motion if the newly discovered evidence could have been discovered earlier "with reasonable diligence."

In addition to the requirement of diligence, the newly discovered evidence must consist of "matter that is material and of such importance that it would likely alter the outcome – that is, it must have been capable . . . of creating a genuine issue of material fact." Aldrich Enters., Inc. v.

United States, 938 F.2d 1134, 1143 (10th Cir. 1991).

In this case, Bradshaw could have discovered the new material at an earlier stage in the proceedings, if he had employed reasonable diligence.  As noted above, he had the opportunity, at the time the summary judgment motion based on qualified immunity was filed, to submit a proper affidavit under Rule 56(f) and make the particularized showing required under Ben Ezra, Weinstein & Co. v. Am. Online, Inc..  He chose not to do so and he cannot now to return to Court, several months after the issues have been settled, and obtain relief in the absence of extraordinary circumstances.  Allowing this would subvert the principles behind the qualified immunity defense.

> Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits against government officials should be resolved prior to discovery and on summary judgment if possible.  Discovery is itself one of the burdens from which defendants are sheltered by the immunity doctrine. Liberal application of  rule 56(f) should not be allowed to subvert the goals of Harlow [v. Fitzgerald, 457 U.S. 800 (1982 )] and its progeny. Unless parties opposing qualified immunity based summary judgment motions are required to show how discovery will enable them to rebut a defendant's showing of objective reasonableness, summary judgment should be granted.

Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988) (internal citations and punctuation omitted).

Bradshaw may not circumvent the Court's earlier ruling rejecting his assertion that the qualified immunity motion was premature. *See*, Doc. 49, at 5-6.  He pursued discovery after the summary judgment ruling, as he was entitled to do; however, he may not now come back to Court, present evidence obtained in that discovery and ask for reconsideration when he did not make the requisite Rule 56(f) showing at the appropriate time and fails to show extraordinary circumstances now.

In addition to his failure to show reasonable diligence, Bradshaw further fails to demonstrate

that the newly-acquired evidence would have precluded summary judgment. He sets out Plaintiff's version of the facts as they appear at present and states that "[m]any of the facts listed above were not known to the Plaintiff or the Court at the time of" the Court's ruling on summary judgment. However, he does not identify which specific facts were unknown at the time of the ruling, nor how the outcome would have changed if the Court had been advised of them. He then identifies several "facts which should cause the Court to reconsider Farmington's dismissal," but he does not state which of these were unknown at the time of the summary judgment ruling. In addition, he fails to demonstrate any reason why a Rule 56(f) affidavit would have been unavailing if it had been filed.

In sum, nothing in Bradshaw's Motion to Reconsider convinces the Court that exceptional circumstances exist which would justify the extraordinary remedy of Rule 60(b) relief at this late date.

## Order

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider Dismissal of Defendants City of Farmington and Mark Norwood and Reinstate Them as Defendants [Doc. 74] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge